**IT IS SO ORDERED.**

**Dated:  22 January, 2026 03:33 PM**

_Suzana Krstevski Koch_
**Suzana Krstevski Koch**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ASHELEY HOWARD, | ) | Case No. 25-12358 |
| | ) | |
| | ) | Judge Suzana Krstevski Koch |
| Debtor. | ) | |
| | ) | |
| LAUREN A. HELBLING, Chapter 13 | ) | |
| Trustee, | ) | Adversary Proceeding |
| | ) | No. 25-01056 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIX BROTHERS MEGA LOT INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION AND ORDER

This adversary proceeding is before the Court on Plaintiff Lauren Helbing's, the Chapter

13 Trustee (the "Trustee"), Motion for Summary Judgment (ECF No. 21) and Defendants' Six

Brothers Mega Lot, Inc. and Six Brothers Mega Lot Inc. Statutory Agent, Zeyad Ali (together

"Six Brothers") Response in Opposition (ECF No. 28).  For the reasons explained below, the

Trustee's Motion for Summary Judgment is granted.

The Court has jurisdiction over the Debtor's underlying Chapter 13 case and this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order 2012-07 of the United States District Court for the Northern District of Ohio. An action to determine whether a preferential transfer can be avoided under 11 U.S.C. § 547 is a core proceeding that this court may hear and determine under 28 U.S.C. § 157(b)(2)(A), (F), (K), and (O). Venue in this Court is proper pursuant to 28 U.S.C. § 1409. The following constitutes the Court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052 (applying Federal Rule of Civil Procedure 52 to adversary proceedings), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014. *See Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 710 (6th Cir. 1999).

## BACKGROUND

### 1. The Main Case

The Debtor filed her voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on June 4, 2025. ECF No. 1 in Case No. 25-12358 (the "Main Case"). On Schedule A/B and D of her petition, the Debtor lists a 2016 Jeep Renegade valued at $7,000 (the "Vehicle"). Schedule D names Six Brothers as a creditor secured by the Vehicle.

On the same day the petition was filed, the Debtor filed a proposed Chapter 13 plan (the "Proposed Plan"). ECF No. 5 in the Main Case. Section 3.3 of the Proposed Plan provides for treatment of Six Brothers as a creditor with a claim of $8,201.50 secured by the Vehicle.

### 2. Vehicle Transaction History

On February 27, 2025, the Debtor entered into a Retail Installment Contract to purchase the Vehicle from Six Brothers. Claim No. 4-1, Ex. A. On that same day, Six Brothers issued the Debtor a Bill of Sale. *Id.*, Ex. B. The Bill of Sale names Six Brothers as a lienholder on the

2

Vehicle. The agreement between the parties was notated on the Certificate of Title of the Vehicle by the Clerk of Courts for the Mahoning Valley Court of Common Pleas on April 10, 2025. *Id.*, Ex. C.

On July 4, 2025, Six Brothers filed Proof of Claim 4-1 as a secured claim in the amount of $11,032.58, indicating that the basis of Claim 4-1's secured status is the Lien. Proof of Claim 4-1 was completed and signed by Zeyad Ali. Attached to Proof of Claim 4-1 is (1) the Retail Installment Contract between Six Brothers and the Debtor; (2) the Bill of Sale; and (3) the Certificate of Title of the Vehicle which names the Debtor as the owner and Six Brothers as the first lienholder.

### 3. The Adversary Case

On August 11, 2025, the Trustee filed a complaint (the "Complaint") against Six Brothers and the Debtor (together "the Defendants") (ECF No. 1), thereby commencing this adversary proceeding, alleging that Six Brothers failed to perfect its security interest properly and timely in the Vehicle. *Id.* The Trustee alleges that "[t]he professed security interest granted by Debtor to [] Six Brothers, which was noted as a lien on the title to the Vehicle, constitutes a transfer of an interest in property of [the Debtor] . . . to Six Brothers, during the ninety [] days immediately preceding the commencement of Debtor's case." *Id.* The Trustee argues that this transfer "constitutes a preferential transfer which should be avoided and preserved for the benefit of the within bankruptcy estate pursuant to 11 U.S.C. §§ 544, 547, and 551." *Id.*

Additionally, the Trustee asserts "[a]ll of the Defendants named in the caption hereof may have or proclaim to have a lien, claim or other interest in and to the Vehicle or the proceeds of any sale thereof." *Id.* The Trustee claims "[e]ach of the Defendants should be required to assert whatever interests they have, or may profess to have, in and to the Vehicle, or the proceeds thereof." *Id.* The Complaint asks the Court to avoid the lien.

3

On September 5, 2025, the Debtor filed her Answer to the Complaint. ECF No. 5. Therein, the Debtor asserted that she "has an ownership interest in [the Vehicle]" and that she "has an equitable interest in [the Vehicle] pursuant to the exemptions claimed in the bankruptcy petition." *Id*.

On September 30, 2025, Six Brothers filed a Motion for Leave to File an answer (ECF No. 8), which the Court granted on November 5, 2025 (ECF No. 12). On November 6, 2025, Six Brothers filed its Answer. ECF No. 13.

The Court issued a Trial Order on November 13, 2025 (ECF No. 18) wherein the Court scheduled the trial date for Thursday, February 12, 2026.

On November 17, 2025, the Trustee filed a Motion for Summary Judgment pursuant to 11 U.S.C. § 547(b). ECF No. 21.

On December 3, 2025, the Court docketed correspondence sent by Six Brothers' counsel to the Court's chambers' email address. ECF No. 24. Therein, counsel explained he experienced technical challenges with e-filing through Pacer, copied the Trustee, and attached a Response in Opposition to the Trustee's Motion for Summary Judgment (the "Response in Opposition"). On December 10, 2025, the Trustee filed a Reply to Six Brothers' Response in Opposition. ECF No. 25.

On December 22, 2025, Six Brothers filed a Motion to File Pleading Over the Counter, which the Court denied as not necessary. Six Brothers also filed a Motion to file Opposition to Summary Judgment Instanter (which includes the Response in Opposition) (ECF No. 28), which the Court granted on January 7, 2026. The Court deemed the Response in Opposition to be timely filed because Six Brothers' counsel copied the Trustee's counsel on his correspondence to the Court's chambers when he explained his electronic filing problem.

4

## I.      SUMMARY JUDGMENT

The Trustee's Motion for Summary Judgment is made pursuant to Federal Rule of

Bankruptcy Procedure 7056.  That rule incorporates Federal Rule of Civil Procedure 56, which

provides: "[t]he court shall grant summary judgment if the movant shows there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  A party seeking summary judgment must demonstrate the absence of a genuine

dispute of material fact.  *Regions Bank v. Fletcher*, 67 F.4th 797, 801-02 (6th Cir. 2023)  "[T]he

mere existence of *some* alleged factual dispute between the parties" is not enough.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  Material facts "affect

the outcome of the suit under the governing law."  *Id.* at 248.  Genuine disputes about them exist

when the evidence would allow a reasonable jury to rule in favor of the nonmoving party.  *Id.*

At summary judgment, the nonmoving party must "go beyond the pleadings

and . . . designate specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 324 (1986) (cleaned up).  Once the moving party has put forth evidence

supporting its version of the facts, the nonmoving party "must support its factual positions" with

evidence in response, not "mere allegations in the pleadings."  10A *Wright & Miller's Federal*

*Practice & Procedure* § 2727.2 (4th ed. 2016).  "[A] complete failure of proof concerning an

essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*Celotex Corp.*, 477 U.S. at 323.  Civil Rule 56 asks the Court to consider "whether [the evidence]

is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 252.

## II.     Avoidance of Preferential Transfers Under 11 U.S.C. § 547

Under Section 547(b), a trustee may avoid certain pre-petition transfers of "an interest of

the debtor in property."  11 U.S.C. § 547(b).  The purpose of this statute is to permit the trustee

5

to reclaim property for the benefit of the bankruptcy estate so that there is more property available for distribution to creditors. "Property of the debtor subject to the preferential transfer provision is best understood as that property that would have been part of the estate had it not been transferred before the commencement of the bankruptcy proceedings." *Begier v. IRS.*, 496 U.S. 53, 58 (1990) (citation modified). Essentially, anything that would qualify as "property of the estate" under Section 541, had it not been transferred pre-petition, may be subject to a preference action by a trustee. *Chase Manhattan Mortgage Corp. v. Shapiro (In re Lee)*, 530 F.3d 458, 464 (6th Cir. 2008).

The Trustee must show that she is entitled to judgment as a matter of law by showing that all of the elements of a preferential transfer have been met. The elements of a preference are laid out in 11 U.S.C. § 547(b).

> A preference is a "transfer of an interest of the debtor in property" that was:
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Trustee bears the burden of establishing that each of these statutory elements are satisfied in order to avoid a transfer under Section 547(b). 11 U.S.C. § 547(g); *see, e.g.*, *Waldschmidt v. Ranier (In re Fulghum Constr. Corp.)*, 706 F.2d 171 (6th Cir. 1983); *Triad Int'l*

6

*Maint. Corp. v. S. Air Transp., Inc. (In re S. Air Transp., Inc.)*, 511 F.3d 526, 534 (6th Cir. 2007). The standard of proof is a preponderance of the evidence. *Corzin v. Decker, Vonau, Sybert, & Lackey, Co., L.P.A., (In re Simms Consrt. Servs. Co.)*, 311, B.R. 479, 484 (B.A.P. 6th Cir. 2004); *Williams v. McNabb (In re McNabb)*, 567 B.R. 326, 335 (Bankr. W.D. Tenn. 2017).

A transfer occurs when a lien is created or when the creditor retains title as a security interest. *See* 11 U.S.C. § 101(54)(A) and (B). "Federal Courts have consistently held that the grant of a security interest in a motor vehicle constitutes a § 547(b) transfer." *In re Knee*, 254 B.R. 710, 712 (Bankr. S.D. Ohio 2000); *see also Williams v. McDonald (In re McDonald)*, 08-10797, 2009 Bankr. LEXIS 5485, at *28 (Bankr. W.D. Tenn. Sept. 9, 2009) (holding that "the granting of a security interest qualifies as such a transfer" in the Section 547(b) context).

Under Ohio law, the perfection of a security interest in motor vehicles is governed by Ohio Revised Code § 4505.13. The relevant portion of this statute provides:

> Subject to division (A) of this section, any security agreement covering a security interest in a motor vehicle, *if a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title* or the clerk has entered a notation of the agreement into the automated title processing system and a physical certificate of title for the motor vehicle has not been issued, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants.

Ohio Rev. Code § 4505.13(B). (emphasis added).

Pursuant to Section 4505.13(B), the transfer at issue here occurred when Six Brothers' security interest was perfected on April 10, 2025 because that is the date the lien notation was made on the Vehicle Title.

## A. Section 547(b)(1) – Benefit of the Creditor

Section 547(b)(1) requires that a "transfer of an interest of the debtor" be "for the benefit of the creditor." 11 U.S.C. § 547(b)(1). "That language requires analyzing the reasons

underlying the transfer—the purpose. But it does not require an inquiry into the debtor's subjective intent. . . . It just requires a 'transfer of an interest of the debtor.'" *Hooker v. Wanigas Credit Union*, 835 F. App'x 110, 113 (6th Cir. 2021).

When a debtor names a creditor as a lienholder on a vehicle title, the debtor transfers their interest in the vehicle to the benefit of the creditor. *See, e.g.*, *Johns v. First Cmty. Bank (In re Trent)*, 14-bk-20526, 2017 LEXIS 407, at *1 (Bankr. S.D. W. Va. Feb. 13, 2017) (holding Section 547(b)(1) was satisfied when the debtor transferred his interest in a truck to a bank in exchange for a loan); *Nicholson v. Flowe (In re Nicholson)*, 08-51339, 2010 Bankr. LEXIS 3876, at *6 (Bankr. M.D.N.C. Oct. 26, 2010) (holding that the placement of a lien on a vehicle was made for the benefit of the creditor).

The Trustee argues that Six Brothers' filing of Claim 4-1 necessarily satisfies elements one, two, and four of Section 547(b). ECF No. 21. Six Brothers does not contest the notion that there was a transfer of interest, and that such transfer was to its benefit. Six Brothers' Response in Opposition makes no mention of Section 574(b) or its elements, arguing that "[t]he motion for summary judgment should be dismissed out-of-hand because it fails to meet the summary judgment standard" as "[t]here has been no discovery; nothing is attached, there is no backup, and nothing that the Court can base any sort of ruling on." ECF No. 21, p. 3.

In this case the evidence supporting the satisfaction of Section 547(b)(1) comes from Claim 4-1. Six Brothers filed Claim 4-1 asserting itself as a creditor secured by an interest in the Vehicle. Proof of Claim 4-1 includes (1) a Retail Installment Contract for the Vehicle between Six Brothers and the Debtor; (2) a Bill of Sale for the Vehicle between Six Brothers and the Debtor; and (3) an Ohio Certificate of Title which names the Debtor as the owner and Six Brothers as a lienholder of the Vehicle. The foregoing serves as evidence that the Debtor

8

transferred an interest (the Lien on the Vehicle) to Six Brothers for the benefit of Six Brothers. Therefore, there was a transfer of interest of the Debtor to the benefit of Six Brothers, and Section 547(b)(1) is satisfied.

**B. Section 547(b)(2) – On Account of an Antecedent Debt**

Section 547(b)(2) states that a trustee must demonstrate that the transfer was made "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). Although the Bankruptcy Code does not define antecedent debt, "[a] debt is antecedent if it is incurred before the transfer in question." *In re Lee*, 530 3d at 464.

A debt is incurred when the debtor becomes legally obligated to pay the creditor. *See Suhar v. Agree Auto Servs. (In re Blakely)*, 497 B.R. 267, 275 (Bankr. N.D. Ohio 2013). In the context of a loan, the borrower (the Debtor) incurs the debt when the lender ( Six Brothers) disburses the loan proceeds. *See Burks v. Mortg. Elec. Registration Sys. (In re Pendergrass)*, 365 B.R. 833, 834 (Bankr. S.D. Ohio 2007) (citing *Spradlin v. Inez Deposit Bank (In re Lowe)*, 92 F. App'x 129, 132 (6th Cir. 2003)).

In this case, the Trustee argues that Proof of Claim 4-1 establishes that Section 547(b)(2) is satisfied, and the Court finds that it is. Six Brothers does not contest this point.

The Retail Installment Contract and Bill of Sale serve as evidence that the relationship between the Debtor and Six Brothers as creditor and debtor occurred on February 27, 2025. Those documents demonstrate that February 27, 2025 is when Six Brothers advanced the funds to permit the Debtor to purchase the Vehicle. The transfer effectuated by the lien notation on the Vehicle Title occurred on April 10, 2025 – forty-two days after the debt – so the debt incurred on February 27, 2025 was antecedent to the transfer (perfection) of the Debtor's property on April

9

10, 2025. This element is met.

## C. Section 547(b)(3) – Made While the Debtor Was Insolvent

Section 547(b)(3) requires that a debtor be insolvent at the time of the transfer. Section 547(f) provides that "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). In other words, there is a statutory presumption that the debtor is insolvent. "For purposes of § 547(b), insolvency is a financial condition which exists when the sum of the debtor's debts is greater than the value of all of the debtor's property." *Hunter v. Dupuis (In re Dupuis)*, 265 B.R. 878, 886 (Bankr. N.D. Ohio 2001). This presumption of insolvency is rebuttable, but the defendant must demonstrate evidence of the debtor's solvency to rebut it. *Whittaker v. Citra Trading Corp. (In re Int'l Diamond Exch. Jewelers, Inc.)*, 177 B.R. 265, 269 (Bankr. S.D. Ohio 1995). Unless rebutted with evidence, the presumption is sufficient to establish insolvency on summary judgment. *Int'l Diamond Exch. Jewelers, Inc.*, 177 B.R. at 269; *SKK Liquidation Tr. v. Green & Green LPA (In re Spinnaker Indus., Inc.)*, 328 B.R. 755, 765 (Bankr. S.D. Ohio 2005).

In this case, the transfer in question occurred on April 10, 2025, and the Debtor filed her petition on June 4, 2025. The Debtor is presumed insolvent because the transfer occurred fifty-five days before the Debtor filed her petition (within the ninety-day period). Six Brothers does not present any evidence nor make any argument to rebut this presumption, so the presumption of insolvency is unrebutted. The Debtor is presumed insolvent, and Section 574(b)(3) is satisfied.

## D. Section 547(b)(4) – Made Within the Applicable Time Period

Preference actions are time limited. Section 547(b)(4) requires that the transfer take place within ninety days before the filing of the petition. 11 U.S.C. § 547(b)(4). Like

subsections (b)(1) and (2), the Trustee argues that (b)(4) is necessarily met by the Six Brothers' filing of Proof of Claim 4-1. Six Brothers does not assert any facts to the contrary.

As established above, the date of the transfer under Ohio law is determined by the date that Six Brothers recorded its security interest in the Vehicle – April 10, 2025. *See, e.g.*, *In re Stevens*, 619 B.R. 648, 652 (Bankr. S.D. Ohio 2020) ("A security interest in a motor vehicle is perfected under Ohio Law once the lienholder's interest is noted on the certificate of title.") (citing Ohio Rev. Code § 4505.13).

In this case, April 10, 2025 is fifty-five days before the Debtor's petition date of June 4, 2025, so Section 547(b)(4) is met.

### E. Section 547(b)(5) – Enabling the Creditor to Receive More

The fifth and final element of a preference claim requires a bankruptcy trustee to establish that a transfer enabled the recipient to receive more than it would have as a creditor in a debtor's chapter 7 proceeding. 11 U.S.C. § 547(b)(5). To make this determination, the Court must consider the liquidation value of the debtor's assets on the petition date. *In re Blakely*, 497 B.R. at 276 (citing *Lyndon Prop. Ins. Co. v. E. Ky. Univ.*, 200 F. App'x 409, 419 (6th Cir. 2006)). "The recipient's status as a secured or unsecured creditor is also paramount to an 11 U.S.C. § 547(b)(5) analysis." *Dymarkowski v. Savage (In re Hadley)*, 541 B.R. 829, 837 (Bankr. N.D. Ohio 2015) (cleaned up).

A secured creditor in a chapter 7 proceeding is generally entitled (i) to receive consideration equal to the value of its collateral; or (ii) to recover its collateral. *See Yoppolo v. Comerica Bank (In re Norwalk Furniture Corp.)*, 428 B.R. 419, 425 (Bankr. N.D. Ohio 2008) (citing 11 U.S.C. §§ 506, 725). A prepetition transfer to a secured creditor provides such creditor with consideration that it is otherwise entitled to receive, negating any preferential

11

treatment for purposes of Section 547(b)(5). *See id*. (citation omitted).  As such, "[p]ayments to a creditor who is fully secured are not preferential since the creditor would receive payment up to the full value of his collateral in a Chapter 7 liquidation." *In re S. Air Transp., Inc.*, 511 F.3d 526, 533 (6th Cir. 2007).

Conversely, "[u]nsecured creditors are only entitled to receive a pro rata share of the debtor's nonexempt estate assets." *French v. State Farm Mut. Auto. Ins. Co. (In re LaRotonda)*, 436 B.R. 491, 496 (Bankr. N.D. Ohio 2010) (citing 11 U.S.C. § 726).  "'Unless the estate is sufficient to provide a 100% distribution, any unsecured creditor . . . who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation.'" *Lyndon Prop. Ins. Co.*, 200 F. App'x at 419 (quoting *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir.1991)).

The Trustee argues that although the Debtor's plan has not yet been confirmed, "it is uncontested that the plan will be less than 100% and thus the lien allows [Six Brothers] to receive more than it would have received if the transfer had not been made and this case was a Chapter 7 proceeding."  Six Brothers does not dispute this.

Allowing the transfer in this case would cause Six Brothers to receive more than it would under a hypothetical Chapter 7.

### F.  Section 547(c) – Affirmative Defenses

The Bankruptcy Code enables preference defendants to avoid liability for preferential transfers through several affirmative defenses.  Those affirmative defenses include the following types of transfers: Section 547(c)(1): "contemporaneous exchange[s] for new value given"; Section 547(c)(2): "ordinary course of business" transfers; and Section 547(c)(3): transfers that create a security interest in "new value" that is "perfected on or before 30 days after the debtor

12

receives possession of such property."

### 1. Ordinary Course of Business

Six Brothers only raises the affirmative defense laid out in Section 547(c)(2) (the "ordinary course of business" defense), which provides:

> (c) The trustee may not avoid under this section a transfer—
> (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—
> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
> (B) made according to ordinary business terms;

11 U.S.C. § 547(c)(2).

For the ordinary course of business defense to apply to a transfer, a defendant must establish two elements. First, the transfer must have been made in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the defendant. 11 U.S.C. § 547(c)(2); *Pidcock v. Sturm Ruger & Co. (In re ASPC Corp.)*, 658 B.R. 455, 464 (Bankr. S.D. Ohio 2024). Second, because Section 547(c)(2) is written in the disjunctive, the transfer must *either* (1) be made in the ordinary course of business or financial affairs of the debtor and the transferee (satisfying the "subjective" ordinary course of business test) *or* (2) be made according to ordinary business terms (satisfying the "objective" ordinary course of business test). *Id.* at 465.

The subjective test "requires proof that the debt and its payment are ordinary in relation to other business dealings between that creditor and that debtor." *Nathan v. Am Med. Sec. (In re Advanced Sys. Int'l, Inc.)*, 234 F. App'x 398, 401 (6th Cir. 2007).

The Sixth Circuit has held that, for purposes of the objective test, "'ordinary business terms' means that the transaction was not so unusual as to render it an aberration in the relevant industry." *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 818 (6th Cir.

13

1996). "To determine whether [a transfer was] made according to ordinary business terms (*i.e.*, whether [it was] so unusual as to render [it] an aberration in the relevant industry), the Court must answer this threshold question: What is the relevant industry?" *In re ASPC Corp.*, 658 B.R. at 465.

Section 547(c)(2) is "intended to 'protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the Debtor and the transferee.'" *In re Fulghum Constr. Corp.*, 872 F.2d at 743 (citation omitted).

Section 547(g) commands that "[t]he party asserting a defense to a preferential transfer based upon the ordinary course defense set forth in § 547(c)(2) carries the burden to prove the nonavoidability of the transfer." *Parker v. Lewis (In re Jones)*, No. 11-3127, 2011 Bankr. LEXIS 4669, at *20 (Bankr. N.D. Ohio Nov. 22, 2011) (citing 11 U.S.C. § 547(g)); *In re ASPC Corp*, 658 B.R. at 455 ("The defendant has the burden of proof as to [§ 547(c)(2)] and the other eight defenses set forth in § 547(c).").

In support of its burden, Six Brothers states:

> When engaging in [a] "peculiarly factual" analysis to determine whether a transaction was made in the "ordinary course," it is not hard to imagine that sometimes liens are not perfected until after the statutory 30 days—which does not invalidate the transaction in any way besides a five dollar fine. Filing late was unfortunate but still ordinary course.

ECF No. 28.

Six Brothers provided no information that allows the Court to ascertain why this particular business relationship fits within an intended situation of the ordinary course of business defense. Asking the Court to "imagine" that "sometimes liens are not perfected until after the statutory 30 days," is not sufficient to meet any element of Section 547(c)(2).

Merely raising a defense, without more, is not sufficient to raise a genuine issue of material fact. "[A]t the summary judgment stage, it is not enough . . . to raise questions. 'A

14

party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it.'" *Laborers' Pension Fund v. Prop. Recycling Servs. Corp.*, No. 15-CV-09170, 2021 U.S. Dist. LEXIS 200061, 2021 WL 4844096, at *6 (N.D. Ill. Oct. 18, 2021) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

Six Brother offered no corroborating evidence to support its position that the loan transaction between it and the Debtor was an ordinary and normal financial occurrence, so the Court cannot find that it has met its burden for purposes of Section 547(c)(2).

### 2. Property acquired by debtor for new value; security interest perfected within 30 days

Even though Six Brothers has not raised a Section 547(c)(3) affirmative defense, the Trustee explains why this affirmative defense does not apply.

Under 11 U.S.C. § 547(c)(3)

> (c) The trustee may not avoid under this section a transfer . . .
>> (3) that creates a security interest in property acquired by the debtor
>>> (A) to the extent such security interest secures new value that was
>>>> (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
>>>> (ii) given by or on behalf of the secured party under such agreement;
>>>> (iii) given to enable the debtor to acquire such property; and
>>>> (iv) in fact used by the debtor to acquire such property; and
>>> (B) that is *perfected on or before 30 days after the debtor receives possession of such property* . . . .

11 U.S.C. § 547(c)(3) (emphasis added).

Here, the Lien perfected a security interest in property acquired by the Debtor (the Vehicle). The Lien arose after the Debtor and Six Brothers signed the Bill of Sale. The Bill of Sale includes a description of the Vehicle and names Six Brothers as the seller. The Retail Installment Contract enabled the Debtor to acquire the Vehicle. While Six Brothers meets the elements of Section 547(c)(3)(A), Section 547(c)(3)(B) also applies. The security interest must

be "perfected on or before 30 days after the debtor receives possession of such property[,]" otherwise this affirmative defense fails. 11 U.S.C. § 547(c)(3)(B).

"The requirement of Section 547(c)(3)(B) is expressly tied to the time when the debtor received possession of the property, not when the debtor received title." *Brown v. Landmark Acceptance Corp. (In re Asheford)*, 582 B.R. 436, 443 (Bankr. N.D. Ohio 2017). Stated in the positive, the trustee can only avoid a transfer as preferential if the creditor perfects its interest more than thirty days after the debtor received the property.

Here, the Debtor received the Vehicle on February 27, 2025, evidenced by the Retail Installment Contract and the Bill of Sale. Six Brothers perfected its security interest on April 10, 2025, evidenced by the Vehicle Title – forty-two days after the Debtor received the Vehicle. The Trustee is correct that Section 547(c)(3) does not apply.

## CONCLUSION

The Trustee has met her burden of establishing the existence of a preferential transfer under Section 547(b) by a preponderance of the evidence. Six Brothers has not established the existence of an affirmative defense; therefore the Trustee's Motion for Summary Judgment is granted. The Lien is an avoidable preferential transfer, and Six Brothers' security interest in the Vehicle is unperfected. A separate order shall be entered.

**IT IS SO ORDERED.**